UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID SCHRATZ,

                              Plaintiff,

          v.

JOHN E. POTTER, POSTMASTER GENERAL,
United States Postal Service,

                              Defendant.

_____

<u>DECISION & ORDER</u>

03-CV-6610CJS

          By order dated January 28, 2005, the above-captioned matter has been referred to

the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all

non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 3).  Plaintiff

David Schratz commenced this action on December 3, 2003.  In his Complaint, plaintiff alleges

that during the course of his employment with the United States Postal Service, defendant failed

to accommodate his disability and retaliated against him as a result of plaintiff's participation in

protected activity, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*  (Docket

# 1).  Currently pending before this Court is plaintiff's motion for the appointment of counsel.

(Docket # 14).

          Pursuant to Title 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to

represent any person unable to afford counsel."  This statute is understood to "guarantee []

meaningful access to the courts as required by the Constitution."  *Hodge v. Police Officers*, 802

F.2d 58, 60 (2d Cir. 1986) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)).  Unlike criminal

defendants, however, civil litigants do not have a constitutional right to appointed counsel.  *Id.*

(citing *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)).  In determining whether to appoint counsel for a civil litigant, the court must first inquire whether the litigant can afford to obtain counsel.  *Id.* at 61.  *See also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (before considering merits of litigant's position, the court must ascertain whether litigant is able to afford or otherwise obtain counsel).  If not, the court must then consider whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d at 61-62.  Once these two threshold determinations have been made, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id*. (citing factors set forth in *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981)).

In this matter, plaintiff contends that the appointment of counsel is necessary because, *inter alia*, his continued harassment at work makes it difficult for him to concentrate and because he lacks the funds necessary to retain counsel.  (Docket # 14 at ¶¶ 22-25).  Upon review of plaintiff's Complaint, it does not appear that the issues in this case are complex or that plaintiff will be unable to adequately litigate his claims *pro se*.  Moreover, the Court notes that there is a very limited number of local attorneys willing and able to handle cases on a *pro bono* basis.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) ("Every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause").  Based on this review, plaintiff's motion for the appointment of counsel is

denied without prejudice at this time.  It is plaintiff's responsibility, therefore, to retain an

attorney or press forward with this action *pro se*.


## CONCLUSION

For the foregoing reasons, plaintiff's motion for the appointment of counsel

**(Docket # 14)** is **DENIED**.  A <u>status conference</u> will be held with the undersigned at 2310 U.S.

Courthouse, 100 State Street, Rochester, New York 14614 on **June 14, 2006**, at **4:00 p.m.**, to

discuss the parties proposed scheduling dates for the issuance of an amended scheduling order.

**IT IS SO ORDERED.**


                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
       May   22  , 2006.